IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Mitchell Seth Littleton,          )<br>                                             )<br>            Plaintiff,                 )<br>                                             )<br>    v.                                    )<br>                                             )<br> Joseph B. Peterson and Jeffery Cole,  )<br>                                             )<br>            Defendants.          )<br>_____) | Civ. Action No. 7:20-cv-1506-TMC<br><br>**ORDER** |

    Plaintiff Mitchell Seth Littleton, proceeding *pro se*, filed this action seeking relief against Defendants Joseph B. Peterson and Jeffery Cole pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the Report and Recommendation ("Report") of the magistrate judge recommending that this action be dismissed with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for lack of prosecution. (ECF No. 31).

    At the time Littleton filed this action, he was a prisoner at the Cherokee County Detention Center ("CCDC") in Gaffney, South Carolina, and provided CCDC's address to the court. (ECF No. 1 at 2). On April 27, 2020, the court entered an order specifically directing Littleton to advise the Clerk's Office in writing of any change in his address and warned that the failure to do so could result in the dismissal

of his action for violation of a court order. (ECF No. 7 at 3). The order was mailed to Littleton at the CCDC address he provided the court and was not returned as undeliverable. (ECF No. 8). Accordingly, Littleton is presumed to have received the order. On May 29, 2020, the court entered an order authorizing service of process and apprising Defendants of the deadline to file dispositive motions. (ECF No. 13). This order was likewise sent by U.S. Mail to Littleton at CCDC and, again, not returned as undeliverable. (ECF No. 14).

On August 24, 2020, the magistrate judge entered a text order granting Defendants an extension of time to file dispositive motions. (ECF No. 22). The order granting an extension was mailed to Littleton at the same CCDC address, but this time was returned to the clerk's office marked "Return to Sender, Attempted - Not Known, Unable to Forward." (ECF Nos. 23, 24). Therefore, on September 30, 2020, the magistrate judge issued an order finding that Littleton "has failed to keep the Clerk of Court advised of his current address" and requiring that Littleton "provide his current address in writing to the Clerk of Court" by October 14, 2020. (ECF No. 26). Additionally, the order warned Littleton that if he failed to provide his correct address by that time, his action would "be subject to dismissal pursuant to Rule 41(b)" and that "the dismissal will be considered an adjudication on the merits, i.e., *with prejudice.*" *Id*. at 1, 2. The order was again sent to the CCDC address Littleton

provided the court—the only address for Littleton on file—and it was once again returned as undeliverable with "not here" written on the envelope. (ECF No. 29).

On October 22, 2020, the magistrate issued a Report recommending that this court dismiss Littleton's action with prejudice under Rule 41(b) for failure to prosecute. (ECF No. 31 at 3). The Report advised Littleton of his right to file specific objections to the findings, conclusions and recommendations set forth in the Report and warned him of the consequences of failing to do so. *Id*. at 4. The Report was mailed to Littleton at the address he provided the court, (ECF No. 32), and, as before, it was returned to the clerk's office marked "return to sender," "not here," and "unable to forward." (ECF No. 34). Littleton has not objected to the Report and the time for doing so has expired.

The magistrate judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report. (ECF No. 31). It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *See Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the [plaintiff's history of] proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (internal quotation marks omitted). These four factors "are not a rigid four-pronged test," and the decision to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For

example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *See id*. at 95–96.

Having considered the record in light of the applicable factors, the court concludes that it is appropriate to dismiss this action. As explained by the magistrate judge, Littleton was proceeding *pro se* and, therefore, "entirely responsible for his actions"—"[i]t is solely through [Littleton's] neglect, and not that of an attorney, that he has failed to keep the Clerk of Court notified of his current address." (ECF No. 31 at 2). The court **ADOPTS** the Report (ECF No. 31) and **DISMISSES** this action with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

s/ Timothy M. Cain
United States District Judge

January 7, 2021
Anderson, South Carolina